[Cite as *State v. Baughman*, 2010-Ohio-4951.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO.  1-10-34

    v.

JESSICA BAUGHMAN,                   O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR2009 0055

**Judgment Affirmed**

Date of Decision:  October 12, 2010

APPEARANCES:

    *Eric J. Allen*  for Appellant

    *Jana E. Emerick*  for Appellee

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Jessica Baughman ("Baughman") brings this appeal from the judgment of the Court of Common Pleas of Allen County denying her petition for post-conviction relief. For the reasons set forth below, the judgment is affirmed.

{¶2} On February 12, 2009, the Allen County Grand Jury issued an indictment against Baughman for one count of child endangering and one count of obstructing justice as a result of the death of her son. A bench trial was held on June 29, 2009, and the trial court found Baughman guilty of both counts. The trial court then sentenced Baughman to a total prison term of eight years. On July 21, 2009, Baughman filed an appeal of that judgment. This court affirmed the judgment of the trial court on March 29, 2010.

{¶3} On February 22, 2010, Baughman filed a petition for post-conviction relief. This petition was overruled without a hearing on April 7, 2010. Baughman appeals from that judgment and raises the following assignments of error.

**First Assignment of Error**

**The trial court erred in finding that defense counsel provided effective assistance to [Baughman] under the Sixth Amendment to the United States Constitution made applicable to the states by the Fourteenth Amendment.**

## Second Assignment of Error

**The trial court erred in denying the post-conviction petition without holding an evidentiary hearing.**

{¶4} Baughman argues in the first assignment of error that she was denied effective assistance of counsel because her counsel failed to investigate, prepare and present the defense of duress. "Reversal of convictions on ineffective assistance requires the defendant to show 'first that counsel's performance was deficient and, second that the deficient performance prejudice the defense so as to deprive the defendant of a fair trial.'" *State v. Cassano*, 96 Ohio St.3d 94, 2002-Ohio-3751, ¶105, 772 N.E.2d 81. The defendant must show that there was a reasonable probability that but for counsel's error, the result of the trial would have been different. Id. at ¶108.

{¶5} Duress is an affirmative defense and as such, Baughman would have the burden of proving the defense. *State v. Cross* (1979), 58 Ohio St.2d 482, 391 N.E.2d 319. Baughman would have to prove that the force which compelled the criminal contact was 1) an immediate and imminent threat of serious bodily harm, 2) present throughout the time period of the crime, and 3) could not reasonably be avoided. Id. Fear of future harm is not sufficient to prove the affirmative defense of duress. *State v. Good* (1960), 110 Ohio App. 415, 165 N.E.2d 28.

{¶6} In order for Baughman's counsel to be ineffective, she would need to show that had counsel presented the defense, the outcome of the trial would have likely been different. Baughman argues that since counsel only met with her four times, failed to discuss the psychological evaluation with her, and failed to discuss trial strategy with her, counsel was ineffective. She claims that had counsel investigated, counsel would have discovered her prior history of attempted suicides, bad relationships and depression and would have concluded that Baughman's actions were the result of extreme fear of Jacob Jones ("Jones"). However, a review of the record indicates that a defense of duress was not supported by the facts of the case. Jones beat her child over a period of a week and left him unconscious without medical treatment for more than a day. Baughman did not seek medical treatment for a long period of time. When the police arrived to investigate the call to St. Rita's Medical Center concerning an unconscious child, Baughman lied to them as to what happened. Baughman went with the paramedics to the hospital and repeatedly lied when questioned about what happened to the child. It was not until the child was at the hospital and the police confronted her with the injuries to the child that she finally admitted what Jones had done. She also admitted that the acts occurred in her presence, that she did nothing to stop him, and she did not actively seek medical help for her son. Baughman does not claim that Jones threatened her with serious bodily injury or

that she was unable to contact the police or a doctor for help. Thus, her claim of duress would not have been supported by the facts. Baughman's counsel was not ineffective for failing to present the defense as it would not have changed the outcome of the trial.

{¶7} Additionally, the claim of ineffective assistance of counsel could have been raised on direct appeal, but was not. Thus, it is barred by the doctrine of res judicata.

> **Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment. As stated in 18 American Jurisprudence 2d 505, Section 33:**
>
> **'Just as the petitioner's knowledge, at the time of trial, or the error of fact relied upon, or his fault in not discovering such error previously, will bar relief under a common-law writ of error coram nobis, such factors will also bar a comparable statutory (postconviction) remedy.'**

*State v. Perry* (1967), 10 Ohio St.2d 175, 180-81, 226 N.E.2d 104. This doctrine includes all issues that were either raised or could have been raised on direct appeal. *Grava v. Parkman* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226. The alleged errors that Baughman claims all arose from the trial and should have been raised on the direct appeal. A review of the record indicates that Baughman had different trial and appellate counsel. Thus there is no reason that the alleged

ineffective assistance of counsel could not have been raised. Since the claim of ineffective assistance of counsel was not previously raised, it cannot be raised in a petition for post-conviction relief. For these reasons, the first assignment of error is overruled.

{¶8} In the second assignment of error, Baughman alleges that the trial court erred in denying her petition for post-conviction relief without holding an evidentiary hearing. Before the trial court holds a hearing on a petition for post-conviction relief, the court must first determine if there are substantive grounds for the relief. R.C. 2953.21(C). The trial court is to consider the petition, supporting affidavits, documentary evidence, and all files and records pertaining to the proceedings. Id. If the trial court finds no basis for the hearing, it can dismiss the petition and make findings of fact and conclusions of law regarding the dismissal. Id. In addition, no hearing is required for claims barred by the doctrine of res judicata. *State v. Maag*, 3d Dist. No. 5-08-35, 2009-Ohio-90, ¶15. A review of the record in this case reveals that the trial court considered the substantive grounds of the claim. The trial court then made findings of fact and conclusions of law indicating that no prejudicial error occurred and that the claim of ineffective assistance of counsel was barred by the doctrine of res judicata. Since these findings are supported by the record, the trial court did not err in

denying a hearing on the petition for post-conviction relief. The second assignment of error is overruled.

**{¶9}** Having found no error prejudicial to Baughman, the judgment of the Court of Common Pleas of Allen County is affirmed.

*Judgment Affirmed*

**ROGERS, J., concurs.**

**PRESTON, J., concurs in Judgment Only.**

**/jlr**