[Cite as *State v. Weimert*, 2011-Ohio-2846.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,            CASE NO. 2-10-35

    v.

JOSHUA B. WEIMERT,               O P I N I O N

    DEFENDANT-APPELLANT.

**Appeal from Auglaize County Common Pleas Court**
**Trial Court No. 2010-CR-107**

**Judgment Affirmed in Part, Reversed in Part**

**Date of Decision: June 13, 2011**

APPEARANCES:

    *E. Kelly Mihocik* **for Appellant**

    *R. Andrew Augsburger* **for Appellee**

**WILLAMOWKI, J.**

{¶1} Defendant-appellant Joshua Weimert. ("Weimert") brings this appeal from the judgment of the Court of Common Pleas of Auglaize County sentencing him to consecutive sentences. For the reasons set forth below, the judgment is affirmed in part and reversed in part.

{¶2} During June 2010, a series of burglaries occurred in rural areas of Auglaize County. On June 28, 2010, Sgt. Detective Jerry Sawmiller ("Sawmiller") of the Auglaize County Sherriff's Office was informed by the Allen County Sheriff's office that Weimert and Christopher Hall ("Hall") had admitted to committing burglaries in Auglaize County. Sawmiller was advised to speak with Ashley Hall ("Ashley"), the girlfriend of Weimert. When questioned, Ashley told Sawmiller that Hall and Weimert were burglarizing homes in Auglaize County and selling the stolen property. On July 2, 2010, Sawmiller interviewed Weimert and Hall. Weimert eventually confessed that both he and Hall had committed the series of burglaries in Auglaize County.

{¶3} On August 12, 2010, the Auglaize County Grand Jury indicted Weimert on ten counts of burglary and theft, ranging from a second degree felony, eight third degree felonies, and one fifth degree felony. Weimert entered a plea of not guilty to each of the counts on September 1, 2010. On October 14, 2010, Weimert entered into a written plea agreement with the state. Pursuant to the plea

agreement, Weimert agreed to enter a guilty plea to three counts of burglary and one count of theft, all felonies of the third degree and to pay restitution for all indicted offenses, including those dismissed. In exchange, the State agreed to dismiss all other charges and to refrain from prosecuting him for two additional offenses. The trial court accepted the plea agreement and proceeded to conduct an immediate sentencing hearing. The trial court sentenced Weimert to four years in prison on counts one, three, and nine of the indictment, and five years in prison for count ten of the indictment. The sentences were ordered to be served consecutively for a total of seventeen years. Weimert was also ordered to pay $6,050 in restitution, which included $150 for offenses for which Weimert was not indicted. Weimert appeals from this judgment and raises the following assignments of error.

### First Assignment of Error

**The trial court sentenced [Weimert] to consecutive sentences without applying a presumption that concurrent sentences would be imposed. Because *State v. Hodge* \* \* \* recognized that R.C. 2929.14(E)(4) and R.C. 2929.41(A) were erroneously struck down, the controlling public policy demands that that presumption be applied. [Weimert's] sentence should be vacated.**

### Second Assignment of Error

**When [Weimert] pleaded guilty to theft, he agreed to pay restitution for an unindicted 2009 offense. Because [Weimert] did not plead guilty to that offense nor was it covered by the**

**indictment, the trial court erred when it ordered [Weimert] to pay restitution for that offense.**

### Third Assignment of Error

**The trial court erred when it did not determine [Weimert's] present or future ability to pay a financial sanction before the court ordered [Weimert] to pay $6,050.00 in restitution.**

### Fourth Assignment of Error

**[Weimert's] trial counsel rendered constitutionally ineffective assistance when counsel knew that [Weimert] was indigent, but did not object to the imposition of court costs.**

{¶4} In the first assignment of error, Weimert claims that the trial court erred in sentencing him to consecutive sentences without making the necessary findings. Weimert argues that the decision by the Supreme Court in *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, wrongly severed the requirement that the trial court make findings before imposing consecutive sentences. Weimert then claims that since the Supreme Court recognized its error in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, public policy requires the original statutory language be followed. However, the Ohio Supreme Court in *Hodge* held that the holding in *Foster*, was still valid. The Supreme Court admitted that the logic used to decide *Foster* was called into question, but held that since it was not reversed by the U.S. Supreme Court, it was still the law and only the legislature could reenact the severed provisions of the

statute. Since Weimert was sentenced pursuant to the law in effect at the time of his sentencing, the appellant has not demonstrated that the sentence is clearly and convincingly contrary to law and the first assignment of error is overruled.

{¶5} In the second assignment of error, Weimert claims that the trial court erred by ordering him to pay restitution for an offense that was based on neither an indictment nor a conviction. The amount of restitution is generally limited to the offenses for which a defendant is tried and convicted. *State v. Rohrbaugh*, 191 Ohio App.3d 117, 2010-Ohio-6375, 944 N.E.2d 1230. "[A]s a matter of law, an offender cannot be ordered to pay restitution for damage arising from a crime of which he was not convicted." *State v. Williams*, 3d Dist. No. 8-03-25, 2004-Ohio-2801, ¶23. However, a defendant can agree to pay restitution for damages relating to dismissed charges as part of a negotiated plea agreement. *State v. Strickland*, 10th Dist. No. 08AP-164, 2008-Ohio-5968, ¶12. A negotiated plea agreement is a contract and the principles of contract law apply. *State v. Bethel*, 110 Ohio St.3d 416, 2006-Ohio-4853, ¶50, 854 N.E.2d 150. Thus, as long as the defendant agrees to make the payment as part of the consideration for the dismissal of the other charges, the defendant may contract to do things that otherwise could not be required by law.

{¶6} Here, Weimert claims that the trial court erred in requiring him to pay restitution for damages resulting from offenses for which he was neither indicted

nor convicted. The negotiated plea agreement provided that Weimert would enter pleas of guilty to counts one, three, nine, and ten of the indictment, as amended and that Weimert "agrees to make Restitution as to all Counts of the Indictment." October 14, 2010, Agreement, 2-3. In return, the State agreed to dismiss counts two, four, five, six, seven, and eight. The State also agreed not to go forward with the two additional charges for which no indictment was issued. This agreement was signed by Weimert and the State. At the sentencing hearing, the State informed the trial court that Weimert agreed "to make restitution as to all counts of the indictment." October 14, 2010, Tr. 4. Although, the trial court later discussed whether Weimert had agreed to pay restitution for the unindicted offenses, this was not included in the written contract. The contract, which in this case is the negotiated plea agreement, is unambiguous and parol evidence is not necessary to interpret it. The agreement indicates that Weimert will make restitution as to all counts of the indictment. It does not include any additional offenses for which no indictment was issued. If the State had wished to include the unindicted offenses for purposes of restitution, they should have been included in the contract.[1] The State did not include them. In addition, the record does not indicate that Weimert received any additional consideration for agreeing to pay restitution for the

---

[1] This court makes no determination at this time as to whether including restitution for an unindicted offense is permissible. Since the contract was silent as to restitution for these offenses, the issue is not before this court at this time.

unindicted offenses above what was already included in the contractual plea agreement. Thus, there was no modification of the contract at the hearing. The trial court erred in ordering restitution for the unindicted offenses when the written contract did not indicate an agreement to pay them. The second assignment of error is sustained.

{¶7} Weimert alleges in the third assignment of error that the trial court erred in imposing restitution without first inquiring into his ability to pay. Having found error with the trial court's imposition of restitution in the second assignment of error, the issue is remanded to the trial court. Thus, this issue is moot and need not be addressed.

{¶8} Finally, Weimert claims that his trial counsel was ineffective. "Reversal of convictions on ineffective assistance requires the defendant to show 'first that counsel's performance was deficient and, second that the deficient performance prejudice the defense so as to deprive the defendant of a fair trial.'" *State v. Cassano,* 96 Ohio St.3d 94, 2002-Ohio-3751, ¶ 105, 772 N.E.2d 81. The defendant must show that there was a reasonable probability that but for counsel's error, the result of the trial would have been different. Id. at ¶ 108. *State v. Baughman*, 3d Dist. No. 1-10-34, 2010-Ohio-4951.

{¶9} Weimert alleges that his trial counsel was ineffective for failing to object to court costs even though Weimert was indigent. The Ohio Supreme Court

-7-

has held that R.C. 2947.23 requires a trial court to assess costs against all convicted defendants. *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, ¶8, 817 N.E.2d 393. "Thus, trial counsel's failure to object to the imposition of costs of prosecution and court fees does not constitute ineffective assistance of counsel because such an objection would not have been successful." *State v. Layne*, 12th Dist. No. CA2009-07-043, 2010-Ohio-2308, ¶54. For this reason, the fourth assignment of error is overruled.

{¶10} Having found error prejudicial to the defendant in the imposition of restitution, the judgment of the Court of Common Pleas of Auglaize County is affirmed in part and reversed in part.

*Judgment Affirmed in Part,*
*Reversed in Part*

**ROGERS, P.J., concurs in Assignments of Error Nos. 1, 3 and 4, and concurs in Judgment Only in Assignment of Error No. 2**

**SHAW, J., concurs in Judgment Only**

**/jlr**