**[Cite as *State v. Bonish*, 2021-Ohio-2436.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                            Court of Appeals No. WD-20-036

     Appellee                                         Trial Court No.   2013CR0335

v.

Gabriel S. Bonish                                   **DECISION AND JUDGMENT**

     Appellant                                        Decided:  July 16, 2021

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Jeffrey P. Nunnari, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Gabriel Bonish, appeals the judgment of the Wood County Court

of Common Pleas, which convicted him, following a guilty plea, of one count of grand

theft.  At issue is the trial court's order, as part of appellant's sentence, that he pay $950

in restitution to Wellman Rental & Supply, Inc. for recovery of its stolen property. For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} On July 5, 2013, the Wood County Grand Jury indicted appellant on three counts of theft in violation of R.C. 2913.02 (A)(1)-(3) and (B)(2), felonies of the fourth degree. The charges stemmed from appellant's theft of a skid loader from Wellman Rental & Supply Inc. in Grand Rapids, Wood County, Ohio.

{¶ 3} Appellant was not arraigned until January 25, 2019. On July 26, 2019, appellant withdrew his initial plea of not guilty, and pleaded guilty to one count of theft in violation of R.C. 2913.02(A)(2), a felony of the fourth degree.

{¶ 4} During the plea hearing, the issue of restitution was discussed three times. First, in discussing the plea agreement, the prosecutor stated:

> [PROSECUTOR]: * * * There is an agreed upon restitution. I have discussed that with the victim in the particular case. They're satisfied with that. That would be for $950.
>
> Obviously they eventually got the skid loader back. That was the cost to transport the skid loader back in regards to that.
>
> * * *
>
> [DEFENSE COUNSEL]: That is our understanding today as well, Your Honor.

2.

Second, during the plea colloquy, the trial court had the following exchange with appellant:

> THE COURT: * * * There is also stated that there will be restitution ordered in this case or a request for restitution to be ordered in the amount of $950. Is that your understanding of the potential penalties and the restitution amount?
>
> [APPELLANT]: Yes, sir.

Third, and finally, the prosecutor recited the facts to which appellant was pleading guilty:

> [PROSECUTOR]: * * * More specifically the evidence would have shown that on February 25th, 2013, he went to a location of Wellman Rental & Supply located in Grand Rapids, Wood County, Ohio, with the intention at that point in time to rent a John Deere skid loader, a piece of heavy equipment. He signed a rental agreement for that and that he was going to have it for a period of time then return the property. He actually gave an amount of cash. I believe it was $1000 for that.
>
> He then took the skid loader back to Pennsylvania, converted it to his own use. He did not return it.
>
> When he was arrested on this charge and other charges in Pennsylvania they were able to locate the skid loader and able to transport it back. That's where the restitution comes in. They had to get it back and

3.

paid $950 to get it transferred. Based upon these facts we ask the Court to make a finding of guilty.

THE COURT: Mr. Bonish, are those the facts you are pleading guilty to?

[APPELLANT]: Yes.

{¶ 5} Thereafter, the trial court accepted appellant's plea of guilty and ordered the matter continued for the preparation of a presentence investigation report.

{¶ 6} Appellant did not participate in the presentence investigation, nor did he appear for his scheduled sentencing hearing. Eventually, sentencing was held on April 3, 2020. At the sentencing hearing, the trial court weighed the seriousness and recidivism factors, and found that appellant was not amenable to a community control sanction. Thus, the trial court sentenced appellant to ten months in prison. As to restitution, in response to the court's inquiry the prosecutor remarked, "There was a victim impact statement. In there it was a $950 restitution amount for costs to bring the equipment back to Wellman Rental in Waterville, Ohio." The court therefore ordered appellant to pay $950 in restitution.

## II. Assignment of Error

{¶ 7} Appellant has timely appealed the trial court's April 7, 2020 judgment entry, and now asserts one assignment of error for our review:

1. The trial court's order requiring appellant to pay restitution for his offense is contrary to law.

4.

## III. Analysis

{¶ 8} We review criminal sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 16. R.C. 2953.08(G)(2) allows us to "increase, reduce, or otherwise modify a sentence," or "vacate the sentence and remand the matter to the sentencing court for resentencing" if we clearly and convincingly find either "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant," or "(b) That the sentence is otherwise contrary to law."

{¶ 9} In support of his assignment of error, appellant argues that his sentence is contrary to law in that the prosecutor's statement on restitution was not sufficient to support the trial court's restitution award of $950. However, upon review, we find that appellant is precluded from raising this issue on appeal.

{¶ 10} R.C. 2953.08(D)(1) provides, "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Thus, "a sentence that is 'contrary to law' is appealable by a defendant; however, an agreed-upon sentence may not be if (1) both the defendant and the state agree to the sentence, (2) the trial court imposes the agreed sentence, and (3) the sentence is authorized by law. R.C. 2953.08(D)(1). If all three conditions are met, the

5.

defendant may not appeal the sentence." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 16.

{¶ 11} Here, the record from the plea hearing shows that appellant and the state agreed to restitution in the amount of $950. Further, it is obvious that the trial court ordered appellant to pay $950 in restitution as part of his sentence. Finally, the $950 restitution order is authorized by R.C. 2929.18(A)(1), which states that "[f]inancial sanctions that may be imposed pursuant to this section include, but are not limited to, the following: (1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss." Therefore, we hold that appellant is precluded from raising this issue on appeal pursuant to R.C. 2953.08(D)(1). *See State v. Burns*, 2012-Ohio-4191, 976 N.E.2d 969 (6th Dist.) (defendant barred from challenging restitution on appeal where the record showed that he agreed to pay $650,000 in restitution to school district and insurance bonding companies as part of his plea agreement); *State v. Swonger*, 5th Dist. Licking No. 19-CA-16, 2019-Ohio-4606, ¶ 37 ("We find the restitution order was agreed to by appellant and appellee. It is well-established that R.C. 2953.08(D)(1) therefore bars appellant from challenging restitution on appeal.").

{¶ 12} Moreover, even if appellant were able to raise this issue on appeal, appellant cannot demonstrate that the restitution award was contrary to law. R.C. 2929.18(A)(1) states,

6.

If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense.

Appellant argues that the prosecutor's statements regarding the amount of restitution are insufficient to establish that amount under R.C. 2929.18(A)(1). However, as we have previously recognized, "criminal defendants can stipulate to the amount of restitution to be ordered as a part of a sentence under R.C. 2929.18(A)(1) and * * * the stipulation itself provides a sufficient basis for the restitution amount under the statute." *State v. Speweike*, 6th Dist. Lucas No. L-10-1198, 2011-Ohio-493, ¶ 39, citing *State v. Hody*, 8th Dist. Cuyahoga No. 94328, 2010-Ohio-6020, ¶ 25-26. Thus, appellant's clear assent to paying $950 in restitution as part of his plea agreement, and appellant's acknowledgment that the victim paid $950 to have the equipment returned from Pennsylvania are sufficient to support the trial court's restitution award. Therefore, the restitution award is not contrary to law.

{¶ 13} Accordingly, appellant's first assignment of error is not well-taken.

7.

## IV. Conclusion

**{¶ 14}** For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.       _____
                                           JUDGE

Gene A. Zmuda, P.J.

                          _____
Myron C. Duhart, J.                       JUDGE
CONCUR.

                          _____
                                           JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.