[Cite as *State v. Rohrbaugh*, 191 Ohio App.3d 117, 2010-Ohio-6375.]

### IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### LOGAN COUNTY

THE STATE OF OHIO,

     APPELLEE,                            CASE NO.  8-07-28

     v.

ROHRBAUGH,                             O P I N I O N

     APPELLANT.

Appeals from Logan County Common Pleas Court
Trial Court No. CR 07-03-0042

Judgment Reversed in Part, Order of Restitution Vacated

Date of Decision:  December 27, 2010

APPEARANCES:

     Eric C. Stewart, **for appellee.**

     Marc S. Triplett, **for appellant.**

     **ROGERS, Judge.**

     **{¶ 1}** Defendant-appellant, John Rohrbaugh, appeals the judgment of the Court of Common Pleas of Logan County ordering him to pay restitution of

$4,733.81 in conjunction with his conviction for receiving stolen property. On appeal, Rohrbaugh argues that the trial court erred by wrongfully attributing damages to him beyond the scope of his conviction when calculating restitution. Finding that the trial court erred in ordering restitution in excess of the actual economic loss caused by the offense for which Rohrbaugh was convicted, we vacate the restitution order entered by the trial court.

{¶ 2} In March 2007, the Logan County Grand Jury indicted Rohrbaugh on Count One, breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree; Count Two, theft in violation of R.C. 2913.02(A)(1), a felony of the fourth degree in that the amount involved equaled or exceeded $5,000 but was less than $100,000; Count Three, theft from the elderly or disabled in violation of R.C. 2913.02(A)(1), a felony of the fifth degree; Count Four, breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree; Count Five, theft in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree; Count Six, theft in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree; Count Seven, theft in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree; and Count Eight, possession of cocaine in violation of R.C. 2925.11(A), a felony of the fifth degree.

{¶ 3} The indictment stemmed from a theft of over $16,000 in cash, checks, and money orders from a First Check Cash Advance ("First Check") store

in Bellefontaine, Ohio. Police arrested Rohrbaugh as a suspect of the offense and recovered $1,176 on his person and $5,227 in cash inside his vehicle, along with money wrappers identifying the cash as the money taken from First Check. Rohrbaugh claimed that his girlfriend, Heather Pulfer, who had worked at the store, had given him the $5,227 in cash and that the $1,176 represented his cashed paycheck. Police returned the $5,227 to First Check and retained the $1,176. Thereafter, Rohrbaugh entered a plea of not guilty to all counts in the indictment.

{¶ 4} In July 2007, the trial court amended Count One of Rohrbaugh's indictment to one count of receiving stolen property in violation of R.C. 2913.51(A), a felony of the fifth degree in that the value of the property stolen was $500 or more and less than $5,000. Additionally, pursuant to a plea agreement, Rohrbaugh withdrew his plea of not guilty and entered a plea of guilty to Count One, as amended, and Count Eight. The trial court thereafter accepted his pleas and convicted him of Counts One and Eight, and dismissed Counts Two, Three, Four, Five, Six, and Seven on the state's motion. Additionally, the trial court held a sentencing hearing. At the hearing, Rohrbaugh's counsel stated, "With respect to the money that was in the car, it's Mr. Rohrbaugh's position that that is the money that he received, that is the money he is guilty of receiving, and it is Mr. Rohrbaugh's position that there should not be any restitution beyond those funds

for the reasons that I've outlined; that he was not involved in the breaking and entering * * *."

{¶ 5} Thereafter, Jason Stonerock, the secretary and treasurer at First Check, testified that the total amount the store lost from the incident was $16,374.79, including cash, checks, money orders, bank fees, and repairs to the doors; that from that amount, he subtracted $5,227 for the cash that the police returned to the store, as well as checks that had been reissued; and that the net loss after these deductions was $4,733.81.

{¶ 6} In August 2007, the trial court sentenced Rohrbaugh to an 11-month prison term on Count One, as amended, and to an 11-month prison term on Count Eight, to be served concurrently. Additionally, the trial court ordered Rohrbaugh to pay restitution to First Check in the amount of $4,145.81.[1]

{¶ 7} In September 2007, Rohrbaugh appealed the judgment of his

---

[1] The state and Rohrbaugh had previously agreed that the $1,176 found on his person represented the proceeds of his paycheck; that he would be permitted to retain one-half of that amount; and that the other half would be allocated as directed by the trial court. The trial court stated that one-half of those funds, $588, should be applied toward the $4,733.81 restitution amount, reducing the balance he was ordered to pay to $4,145.81.

conviction and order of restitution to this court.

{¶ 8} In October 2007, this court sua sponte dismissed Rohrbaugh's appeal for lack of jurisdiction due to his untimely appeal.

{¶ 9} In December 2007, Rohrbaugh moved for leave to file a delayed appeal, which this court granted.

{¶ 10} In September 2008, this court sua sponte vacated Rohrbaugh's guilty plea and remanded the matter to the trial court because the indictment he pleaded to was amended from breaking and entering in violation of R.C. 2911.13(A) to receiving stolen property in violation of R.C. 2913.51(A) without reindictment by the grand jury or waiver of that right. See *State v. Rohrbaugh*, 178 Ohio App.3d 211, 2008-Ohio-4781 ("*Rohrbaugh I*").

{¶ 11} Thereafter, in July 2010, the Supreme Court of Ohio reversed and remanded *Rohrbaugh I* to be heard on the merits. See *State v. Rohrbaugh*, 126 Ohio St.3d 421, 2010-Ohio-3286 ("*Rohrbaugh II*").

{¶ 12} It is from this remand that we consider Rohrbaugh's appeal, which presents the following assignment of error for our review.

> The trial court erred when it ordered appellant to make restitution in the amount of $4,733.81.

{¶ 13} In his sole assignment of error, Rohrbaugh contends that the trial court erred when it ordered him to pay restitution of $4,733.81. Specifically, he contends that the trial court failed to consider his ability to pay prior to ordering

him to pay restitution; that the trial court's order of restitution erroneously contained amounts stemming from acts for which he was not convicted; and that the trial court was required to apportion the amount of restitution between all the individuals involved in the commission of the offense.

{¶ 14} An appellate court reviews a trial court's decision to impose restitution under an abuse-of-discretion standard. *State v. Griffus*, 3d Dist. No. 14-08-39, 2009-Ohio-304, ¶ 7, citing *State v. Lamere*, 3d Dist. No. 1-07-11, 2007-Ohio-4930, ¶ 6-7. An abuse of discretion implies that the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219. Under this standard of review, an appellate court may not simply substitute its judgment for that of the trial court. Id. "However, the amount of the restitution must be supported by competent, credible evidence in the record from which the court can discern the amount of the restitution to a reasonable degree of certainty." (Citations omitted.) *State v. Didion*, 173 Ohio App.3d 130, 2007-Ohio-4494, ¶ 20.

{¶ 15} Here, we first consider Rohrbaugh's argument that the trial court erred in failing to limit his restitution to the amount of damages caused by the receiving-stolen-property offense for which he pleaded guilty.

{¶ 16} R.C. 2929.18 governs a trial court's ability to award restitution. The statute provides:

Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following: (1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss.

R.C. 2929.18(A)(1).

{¶ 17} Many Ohio courts, including this court, have recognized that restitution must be limited to the offenses for which a defendant is charged and convicted. *State v. Williams*, 3d Dist. No. 8-03-25, 2004-Ohio-2801, ¶ 23; *State v. Miller*, 12th Dist. No. CA2007-11-295, 2008-Ohio-5661, ¶ 11; *State v. Hafer* (2001), 144 Ohio App.3d 345, 348; *State v. Hooks* (2000), 135 Ohio App.3d 746, 749; *State v. Brumback* (1996), 109 Ohio App.3d 65; *State v. Friend* (1990), 68 Ohio App.3d 241. See also *State v. Rosebrook*, 3d Dist. No. 8-05-07, 2006-Ohio-734, ¶ 30-33 (Rogers, J., dissenting). "[A]s a matter of law, an offender cannot be ordered to pay restitution for damage arising from a crime of which he was not convicted." *Williams* at ¶ 23. A trial court must limit its award of restitution to the actual economic loss caused by the crime for which he was convicted. Id., citing *Hafer* at 348.

{¶ 18} Here, Rohrbaugh entered a plea of guilty to R.C. 2913.51, receiving stolen property, which provides:

(A) No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense.
* * *

(C) Whoever violates this section is guilty of receiving stolen property. * * * If the value of the property involved is five hundred dollars or more and is less than five thousand dollars * * * receiving stolen property is a felony of the fifth degree. * * * [I]f the value of the property involved is five thousand dollars or more and is less than one hundred thousand dollars, * * * receiving stolen property is a felony of the fourth degree. If the value of the property involved is one hundred thousand dollars or more, receiving stolen property is a felony of the third degree.

{¶ 19} Rohrbaugh acknowledged that he received $5,227 in stolen cash and pleaded guilty to this offense.[2] This cash was subsequently returned to the victim. However, Rohrbaugh pleaded guilty only to receiving the stolen cash found in his vehicle and did not plead guilty to breaking and entering or theft of any property from First Check. He also did not agree to pay restitution for the total amount of money taken from the store. Nevertheless, the trial court ordered Rohrbaugh to pay for damages the store suffered as a result of the breaking-and-entering offense and ordered him to pay restitution for the entire amount of the store's losses from the incident.

{¶ 20} By ordering Rohrbaugh to pay $4,733 in restitution, in addition to the $5,227 in cash that was already returned to the victim, the trial

---

[2] We note that the $5,227 in cash recovered from Rohrbaugh's vehicle exceeded the $5,000 limit for a fifth-degree felony under R.C. 2913.51.

court effectively held Rohrbaugh responsible for reimbursement of more than $9,960 to the victim. This was beyond the amount of stolen property for which Rohrbaugh was indicted and convicted of receiving. Because the presumption of innocence is a basic premise of our criminal justice system, the punishment imposed must be confined to only those offenses of which the accused is convicted. See *Hafer*, 144 Ohio App.3d at 348. Law-enforcement officers recovered the entire amount of cash that Rohrbaugh was convicted of receiving; therefore, there was no basis for the trial court to issue a restitution order.

**{¶ 21}** Because our finding as to this portion of Rohrbaugh's assignment of error is dispositive of his appeal, it is not necessary to address the other issues raised within his assignment of error.

**{¶ 22}** Accordingly, we sustain Rohrbaugh's assignment of error.

**{¶ 23}** Having found error prejudicial to the appellant herein in the particulars assigned and argued, the trial court's judgment of sentence is reversed in part, and the order of restitution is vacated.

Judgment reversed in part,
and order of restitution vacated.

WILLAMOWSKI, P.J. concurs.

SHAW, J., concurs in judgment only.