**[Cite as *State v. Dunlap*, 2021-Ohio-3262.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

State of Ohio

        Appellee

v.

Stephen D. Dunlap

        Appellant

Court of Appeals No.  H-20-023
                           H-20-024

Trial Court No.  CRI 2018-0335
                     CRI 2019-0111

**<u>DECISION AND JUDGMENT</u>**

Decided:  September 17, 2021

* * * * *

James Joel Sitterly, Huron County Prosecuting Attorney,
for appellee.

Emil G. Gravelle, III, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Stephen Dunlap, appeals the judgment entered by the Huron County Court of Common Pleas on January 14, 2021, sentencing him to serve 11 months in prison in case No. CRI 2018-0335 and 12 months in prison in case No. CRI 2019-

0111, with the sentences ordered to be served consecutively.  In exchange for dismissing case No. CRI 2018-0905, the judgment further sentenced appellant to pay $222.50 in restitution to alleged victim Buckeye Pub, 71 Jefferson St., Norwalk, OH, 44857 ("Buckeye Pub").  For the reasons that follow, we affirm the judgment of the trial court.

**Facts and Procedural Background**

{¶ 2} On July 20, 2018, appellant was indicted in case No. CRI 2018-0335 on one count of aggravated possession of drugs, a felony of the fifth degree, and on one count of obstructing official business, a misdemeanor of the second degree.  On November 6, 2018, appellant entered a plea of guilty to the charge of aggravated possession of drugs, in exchange for dismissal of the charge of obstructing official business.

{¶ 3} Appellant failed to appear for his sentencing hearing in CRI 2018-0335. This led to his indictment, on February 8, 2019, in case No. CRI 2019-0111, on one count of failure to appear as required by recognizance under R.C. 2937.99(A) and (B), a felony of the fourth degree.  On April 1, 2019, appellant entered a plea of guilty to the charge. During the April 1, 2019 plea hearing, the following dialogue took place, involving the court, defense counsel, and counsel for the state:

> THE COURT:  My understanding is with regard to the 0335 case,
> 2018, that in exchange for the pleas on the two new cases, the defendant
> would withdraw the motion to withdraw the plea, would agree to proceed to
> sentence along with the other two cases, and we have a May 1st, 2019, date

2.

for that. That the State appears willing to recommend a community control sanction, and pending that was prepared to amend bond or make a bond recommendation so that the defendant could attend the Alpha House between now and the sentencing in the interim.

Is that the understanding of the parties?

MR. DOLCE: I believe so, Your Honor. Just to be clear, my client would be withdrawing the motion in the case that's set for sentencing that he's already pled to, would withdraw the motion to withdraw his plea. He would be entering a plea to the 111 case, which is the failure to appear case. The State would be dismissing the 905 case. He would be entering a plea today to the 111 case, the failure to appear. The State would be dismissing the 905 case.

THE COURT: Oh, I have a plea for the 905 case?

MR. SITTERLY: There was one, Your Honor, it was generated, but …

THE COURT: All right. We're not doing this one?

MR. SITTERLY: However, although we're dismissing it, and defense could correct me if I'm wrong, the defendant has agreed to make restitution to the alleged victim. I don't know if technically you could call him that after a case is dismissed --

THE COURT:  I think this is the Buckeye Pub one --

MR. SITTERLY:  For the 905 case.

THE COURT:  $200 in restitution -- $222 in restitution there that he's agreeing to?

MR. DOLCE:  Yes, Your Honor.

THE COURT:  And that case would be dismissed.  All right.

{¶ 4} On November 24, 2020, the trial court sentenced appellant -- who appeared via Skype, from jail -- to terms of imprisonment in case Nos. CI 2018-0335 (aggravated drug possession) and CI 2019-0111 (failure to appear).  In addition, pursuant to the following exchange held at the November 24, 2020 sentencing hearing, the court ordered restitution in the amount of $222.50 for Buckeye Pub, the alleged victim in case No. 2018-0905:

THE COURT:  All right.  The Court's understanding is that there's an agreement as to restitution.  That there would be $222.50 reimbursed to the Buckeye Pub as a result of a bad check and the fee for processing that in 20180905 case, which is going to be dismissed as a result of the plea and sentencing in this case.  Is that the agreement of the parties?

MR. SITTERLY:  It is, Your Honor.

MR. DOLCE:  That was previously agreed, Your Honor.

4.

THE COURT: All right. The Court will order that restitution at this time.

In a nunc pro tunc entry dated January 14, 2021, the trial court supplemented its original sentencing entry by including the name and address of the restitution victim, Buckeye Pub.

{¶ 5} Appellant timely appealed from the trial court's judgment entry, asserting the following assignment of error:

1. The Trial Court erred when it ordered restitution to a party that was not a victim of the cases Appellant Dunlap pled guilty [sic] but rather an alleged victim to a dismissed criminal case.

## Analysis

{¶ 6} We review criminal sentences pursuant to the standard set forth at R.C. 2953.08(G)(2). *State v. Tammerine,* 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶16. R.C. 2953.08(G)(2) permits an appellate court to "increase, reduce, or otherwise modify a sentence," or "vacate the sentence and remand the matter to the sentencing court for resentencing" if the court clearly and convincingly finds either "(a) [t]hat the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant," or (b) [t]hat the sentence is otherwise contrary to law."

5.

{¶ 7} In support of his assignment of error, appellant argues that his sentence is contrary to law because the agreement to pay restitution "was never placed in any written document between the Appellant and the State," and because "it is improper and unlawful to order restitution to an alleged victim of a dismissed case."

{¶ 8} R.C. 2953.08(D)(1) provides, "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Thus, although a sentence that is contrary to law is appealable by a defendant, an agreed-upon sentence may not be appealed where (1) both the defendant and the state agree to the sentence, (2) the trial court imposes the agreed-upon sentence, and (3) the sentence is authorized by law. *State v. Bonish*, 6th Dist. Wood No. WD-20-036, 2021-Ohio-2436, ¶ 10, citing *State v. Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 16.

{¶ 9} Here, the record from the plea hearing shows that on April 1, 2019, appellant and the state agreed to restitution to Buckeye Pub in the amount of $222. The record also shows that on November 24, 2020, the trial court ordered appellant, pursuant to appellant's earlier agreement with the state, to pay $222.50 as part of his sentence.[1] Finally, the $222.50 restitution order to Buckey Pub, which was imposed in connection

---

[1] There is no explanation in the record to account for the .50 discrepancy in the restitution amount. As this very minimal discrepancy is not directly challenged in this appeal, we give it no additional consideration herein.

with a bad check, is authorized by R.C. 2929.18(A)(1), which states that "[f]inancial sanctions that may be imposed pursuant to this section include * * * [r]estitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss." Accordingly, we conclude that appellant is precluded from raising this issue on appeal, pursuant to R.C. 2953.08(D)(1). *See Bonish*, at ¶ 11 (Restitution order that was agreed upon by defendant and the state was authorized by R.C. 2929.18(A)(1)), thereby barring defendant's challenge of that order on appeal, pursuant to R.C. 2953.08(D)(1).); *see also State v. Burns*, 2012-Ohio-4191, 976 N.E.2d 969 (6th Dist.) (defendant precluded from challenging restitution on appeal where the record showed that he agreed to pay $650,000 in restitution to school district and insurance bonding companies as part of his plea agreement); *State v. Swonger*, 5th Dist. Licking No. 19-CA-16, 2019-Ohio-4606, ¶ 37 ("We find the restitution order was agreed to by appellant and appellee. It is well-established that R.C. 2953.08(D)(1) therefore bars appellant from challenging restitution on appeal.").

{¶ 10} Moreover, even if appellant were able to raise this issue on appeal, he cannot demonstrate that the restitution award was contrary to law. R.C. 2929.18(A)(1) relevantly provides:

> If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost

7.

of repairing or replacing the property, and other information, provided the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense.

As this court has previously recognized, "criminal defendants can stipulate to the amount of restitution to be ordered as part of a sentence under R.C. 2929.18(A)(1) and * * * the stipulation itself provides a sufficient basis for the restitution amount under the statute." *State v. Speweike*, 6th Dist. Lucas No. L-10-1198, 2011-Ohio-493, ¶ 39, citing *State v. Hody*, 8th Dist. Cuyahoga No. 94328, 2010-Ohio-6020, ¶ 25-26. Here, appellant's clear assent to paying $222.50 in restitution as part of his plea agreement, together with appellant's acknowledgement that the restitution was ordered to reimburse Buckeye Pub for a bad check, are sufficient to support the trial court's restitution award.

{¶ 11} Appellant argues that the trial court erred by ordering him to pay restitution for damages relating to charges that were dismissed in a completely separate case. As stated by the Third District Court of Appeals in *State v. Weimert*, 3d Dist. Auglaize No. 2-10-35, 2011-Ohio-2846, ¶ 5:

The amount of restitution is generally limited to the offenses for which a defendant is tried and convicted. *State v. Rohrbaugh,* 191 Ohio App.3d 117, 2010-Ohio-6375, 944 N.E.2d 1230. "[A]s a matter of law, an offender cannot be ordered to pay restitution for damage arising from a

8.

crime of which he was not convicted." *State v. Williams,* 3d Dist. No. 8-03-25, 2004-Ohio-2801, ¶ 23. However, a defendant can agree to pay restitution for damages relating to dismissed charges as part of a negotiated plea agreement. *State v. Strickland,* 10th Dist. No. 08AP-164, 2008-Ohio-5968, ¶ 12.

Inasmuch as appellant, in fact, agreed to pay restitution for damages relating to dismissed charges as part of his negotiated plea agreement, we conclude that the restitution order was not contrary to law.

{¶ 12} Appellant next asserts that the restitution order was in error, because it was not made part of any written plea agreement. Where, as here, the record from the sentencing hearing clearly establishes that appellant agreed to pay restitution in the amount of $222.50 as part of his negotiated plea agreement, we find that the court's order was not contrary to law. *See Swonger*, at ¶ 36-37 (concluding that where the record of the sentencing hearing established that the defendant agreed to pay restitution as part of his negotiated plea agreement, the court did not err in ordering restitution.); *Bonish*, at ¶ 11 (concluding that where record from plea hearing showed that defendant and state agreed to restitution, the restitution award was not contrary to law).

{¶ 13} Arguing against this conclusion, appellant cites *State v. Weimert*, *infra*, for the proposition that, in order for the court's restitution order to be valid, appellant's agreement to pay restitution for the dismissed charges should have been included in his

written negotiated plea agreement contract for case No. CRI 2019-0111 (failure to appear). Unlike the instant case, *Weimert* involved restitution in connection with a single, unambiguous written plea agreement. The instant case, by contrast, involves an unwritten negotiated plea agreement. This factual distinction renders *Weimert* distinguishable and, ultimately, inapplicable to this case.

{¶ 14} Although a written plea agreement may indeed be preferable in many cases, with respect to negotiated plea cases, in particular, Crim.R. 11(F) merely requires that "the underlying agreement upon which the plea is based shall be stated on the record in open court." *State v. Jenkins*, 4th Dist. Lawrence No. 18CA27, 2020-Ohio-1480, ¶ 10. "Under Crim R. 11(F), the parties are required to state the plea agreement on the record at the time the defendant enters his guilty or no contest plea." *Id.* at ¶ 12.

{¶ 15} As indicated above, written guilty pleas were executed in case Nos. CRI 2018-0335 (aggravated drug possession) and CRI 2019-0111 (failure to appear), but there was no prior executed document in case No. CRI 2018-0905. Instead, case No. CRI 2018-0905 was resolved by way of a verbal agreement between appellant and the state. Pursuant to that negotiated plea agreement, the case was to be dismissed and, in exchange, appellant was to pay restitution in the amount of $222.50 to Buckeye Pub. This verbal agreement was stated on the record in open court, in accordance with Crim.R. 11(F), and was then grafted into the January 14, 2021 judgment entry that was

10.

collectively issued for case Nos. CRI 2018-0335 and CRI 2019-0111.  There was no error in this procedure, and the resulting restitution order was not contrary to law.

{¶ 16} For all of the foregoing reasons, appellant's sole assignment of error is found not well-taken.  Judgment of the Huron County Court of Common Pleas is affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.      

_____
JUDGE

Christine E. Mayle, J.      

Myron C. Duhart, J.      
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.