[Cite as *State v. Brown*, 2022-Ohio-4689.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PAULDING COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                    CASE NO.  11-22-05

      v.

TRICIA L. BROWN,                        **O P I N I O N**

      DEFENDANT-APPELLANT.

Appeal from Paulding County Common Pleas Court
Trial Court No.  CR 21 631

Judgment Affirmed in Part, Reversed in Part and Cause Remanded

Date of Decision:  December 27, 2022

APPEARANCES:

    *Brian A. Smith* **for Appellant**

    *Joseph R. Burkard* **for Appellee**

**SHAW, J.**

{¶1} Defendant-Appellant, Tricia L. Brown ("Brown"), appeals the judgment entry of sentence from the Paulding County Court of Common Pleas, sentencing her to four years of community control and ordering her to pay restitution.

*Facts and Procedural History*

{¶2} On November 12, 2021, Brown was indicted on two counts, Count One: theft from a person in a protected class in violation of R.C. 2913.02(A)(1), a third-degree felony in that the amount involved equaled or exceeded $7,500.00 but was less than $37,500.00, and Count Two:  grand theft of a firearm in violation of R.C. 2913.02(A)(1), a third-degree felony.  The indictment named the victim, described the items involved, and stated the offense occurred on or about June 14, 2021. Brown originally pled not guilty to the charges.

{¶3} On March 23, 2022, Brown entered into a stipulation which permitted the admission of polygraph test results at trial.  After the polygraph was administered on March 24, 2022, Brown then entered into a negotiated plea agreement on March 29, 2022 and pled guilty to an amended Count One of theft, a fifth-degree felony, with an amount of $1,000.00 or more and less than $7,500.00. In exchange, the State agreed to dismiss Count Two of the indictment.  The trial

court thereafter accepted Brown's plea and found her guilty, and dismissed Count Two.

{¶4} Brown's sentencing hearing was held on May 9, 2022. The trial court sentenced Brown to a four-year community control term. The conditions of Brown's community control required her to serve sixty days in jail, with fifteen days of jail-time credit, and to pay restitution in the amount of $11,896.08.

{¶5} Brown filed this appeal raising four assignments of error for our review.

### Assignment of Error No. 1

**Because the trial court ordered an amount of restitution that was beyond the maximum amount of $7,499.99, on the charge of Theft, a fifth-degree felony, of which Appellant was convicted, the trial court's sentence of Appellant was contrary to law.**

### Assignment of Error No. 2

**Because the trial court reserved a 12-month prison sentence, the maximum sentence on a fifth-degree felony pursuant to R.C. 2929.14(A)(5), while imposing a 60-day local jail sentence and giving Appellant credit for 15 days served, the trial court's sentence was contrary to law and a violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Ohio Constitution.**

### Assignment of Error No. 3

**The failure of Appellant's trial counsel to object, at the restitution/sentencing hearing, to the amount of restitution ordered constituted ineffective assistance of counsel, in violation of Appellant's right to counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.**

**Assignment of Error No. 4**

**The trial court abused its discretion in admitting the results of the polygraph examination conducted upon Appellant, where the State offered the polygraph result outside of the agreed-upon stipulation, and where Appellant did not have an opportunity to cross-examine the polygraph examiner.**

*First Assignment of Error*

{¶6} In her first assignment of error, Brown argues, relying on this Court's case of *State v. Rohrbaugh*, 191 Ohio App.3d 117, 2010-Ohio-6375 (3d Dist.), that the trial court erred when it ordered her to pay $11,896.08 in restitution. Specifically, Brown contends that the trial court's order of restitution was beyond the maximum amount of $7,499.99 for the fifth-degree-felony theft offense to which she pleaded guilty and, thus, was contrary to law. In response, Appellee agrees the maximum amount of restitution that the trial court could order in the instant case was limited to $7,499.99 based upon the *Rohrbaugh* case.

{¶7} Here, Brown entered a plea of guilty to the amended theft charge, R.C. 2913.02(A)(1) and (B)(2), which provides:

**(A)  No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:**

**(1)  Without the consent of the owner or person authorized to give consent;**

**\* \* \***

**(B)(2) * * * If the value of the property or services stolen is one thousand dollars or more and is less than seven thousand five hundred dollars * * * a violation of this section is theft, a felony of the fifth degree. * * ***

**{¶8}** Under R.C. 2953.08(G)(2), an appellate court may reverse a sentence if it clearly and convincingly finds that the sentence is contrary law. *State v. Boedicker*, 3d Dist. Allen Nos. 1-22-04 and 1-22-04, 2022-Ohio-2992, ¶ 24, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Restitution imposed by the sentencing court is part of the sentence imposed on a defendant. *State v. Danison*, 105 Ohio St.3d 127, 2005-Ohio-781, syllabus. *See* R.C. 2929.18.

**{¶9}** As stated by this Court in *Rohrbaugh*, the amount of restitution generally must be limited to the offenses for which a defendant is indicted and convicted. *Rohrbaugh* at ¶ 17, 20. Other appellate districts have similarly stated that an order of restitution is limited to the amount of economic loss caused by the offense of which defendant is convicted. *See, e.g.*, *State v. Rivera*, 8th Dist. Cuyahoga No. 84379, 2004-Ohio-6648, ¶ 12; *State v. Clifton*, 65 Ohio App.3d 117, 123 (12th Dist. 1989).

**{¶10}** By ordering Brown to pay $11,896.08 in restitution, the trial court ordered an amount beyond the amount of the theft for which the amended indictment charged Brown and for which she was convicted.[1] Therefore, the restitution order

---

[1] The amended indictment together with the statement at the plea hearing expressly assign the value of the stolen property to be "greater than $1,000.00 but less than $7,500.00."

in this case is contrary to law. Accordingly, we sustain Brown's first assignment of error.

*Second Assignment of Error*

{¶11} In her second assignment of error, Brown argues that the trial court's imposition of a "reserved prison sentence constituting the maximum allowable prison sentence under R.C. 2929.14(A)(5)" for Brown's fifth-degree felony offense, while at the same time imposing a sixty-day local jail sentence, with credit for fifteen days served, renders the trial court's sentence contrary to law, as well as a violation of equal protection. (Appellant's Brief at 8).

{¶12} " '[F]elony sentencing statutes, contained primarily in R.C. 2929.11 to 2929.19, require trial courts to impose either a prison term or community control sanctions on each count.' " *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, ¶ 23, quoting *State v. Berry*, 3d Dist. Defiance No. 4-12-04, 2012-Ohio-4660, ¶ 21. Thus, when a defendant is sentenced to community control on a count of conviction and notified at that time of the potential prison term the defendant faces should he or she violate community control, the defendant is only sentenced to community control sanctions and is not *sentenced* to that prison term. (Emphasis added.) *State v. Duncan*, 12th Dist. Butler Nos. CA2015-05-086 and CA2015-06-108, 2016-Ohio-5559, ¶ 21, citing *Berry* at ¶ 25.

{¶13} As set forth above, the trial court's entry imposed community control. Therefore, with regard to jail-time credit, the trial court properly allocated fifteen days of jail-time credit to the sixty-day jail term imposed by the court as a condition of Brown's community control. There is no existing prison sentence against which to grant jail-time credit, and we would note that R.C. 2929.19(B)(2)(g)(i) provides that:

> **(B)(2) * * * [I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:**
>
> **\* \* \***
>
> **(g)(i) Determine, notify the offender of, and include in the sentencing entry the total number of days, including the sentencing date but excluding conveyance time, that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the definite prison term imposed on the offender as the offender's stated prison term \* \* \* . \* \* \***

{¶14} In addition, we note R.C. 2967.191(A), which states in part, "The department of rehabilitation and correction shall reduce the prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced * * *."

{¶15} Based on the foregoing, we find Brown's argument is without merit. The second assignment of error is overruled.

*Third Assignment of Error*

**{¶16}** Brown argues that trial counsel rendered ineffective assistance by failing to object at the restitution/sentencing hearing to the amount of restitution ordered. Our ruling on Brown's first assignment of error renders this argument and assignment of error moot.

*Fourth Assignment of Error*

**{¶17}** In her fourth assignment of error, Brown claims that the trial court abused its discretion in admitting the results of her polygraph examination at the restitution hearing held as part of the sentencing hearing. The State maintains that Brown's polygraph results were relevant information as during the sentencing hearing, Brown called into play her truthfulness by denying taking the victim's personal property, despite being found deceptive on that point during the polygraph examination.

**{¶18}** It is well settled that a reviewing court may not reverse a trial court's determination on the admissibility of evidence absent a showing that the trial court abused its discretion. *State v. Berry*, 3d Dist. Union No. 14-20-05, 2021-Ohio-1132, ¶ 100. It is also well settled that the Ohio Rules of Evidence do not strictly apply to sentencing proceedings. *State v. Rose*, 3d Dist. Logan No. 8-02-14, 2002-Ohio-5136, ¶ 20, citing *State v. Williams*, 23 Ohio St.3d 16, 23 (1986); Evid.R. 101(C)(3).

Moreover, R.C. 2929.19(A) allows the State and the defendant to "present information relevant to the imposition of sentence in the case."

**{¶19}** Under Ohio law, the results of a polygraph examination are admissible for purposes of corroboration or impeachment in a criminal trial when there is a stipulation by both parties. *State v. Curry*, 3d Dist. Allen No. 1-15-05, 2016-Ohio-861, ¶ 73, citing *State v. Souel*, 53 Ohio St.2d 123 (1978), syllabus. Here, a stipulation was involved agreeing to its admission, and the record shows that the polygraph results were relevant information relating to the subsequent criminal proceedings. In fact, the record shows that Brown's truthfulness was a concern, as her restitution hearing testimony was that she denied taking the items which the victim claimed were missing. She insisted that she had not taken any items from the victim's house, and that the victim had given her some coins to pay her back money. Brown had thus "opened the door" to evidence of the results of the stipulated polygraph which indicated that she did not tell the truth during the polygraph questioning.

**{¶20}** Thus, under these circumstances, the polygraph results were used solely for the purpose of impeachment at the sentencing phase of the proceedings, and for this reason, we hold that the trial court did not abuse its discretion in permitting the admission of the results of the polygraph examination.

**{¶21}** Accordingly, Brown's fourth assignment of error is overruled.

**{¶22}** The trial court's judgment of sentence is affirmed in part and reversed in part, and this matter is remanded to the trial court to allow it to determine and award restitution in accordance with this opinion.

*Judgment Affirmed in Part,*
*Reversed in Part and*
*Cause Remanded*

**MILLER and WILLAMOWSKI, J.J., concur.**

**/jlr**