[Cite as *State v. Messer*, 2023-Ohio-4355.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

CASE NO. 1-23-25

TIMOTHY A. MESSER,

O P I N I O N

    DEFENDANT-APPELLANT.

**Appeal from Allen County Common Pleas Court**
**Trial Court No. CR2020 0361**

**Judgment Affirmed in Part, Reversed in Part and Cause Remanded**

**Date of Decision:  December 4, 2023**

**APPEARANCES:**

    *Brian A. Smith* **for Appellant**

    *John R. Willamowski, Jr.* **for Appellee**

**HESS, J.**

{¶1} Timothy A. Messer appeals the trial court's restitution order of $15,315.00 on his misdemeanor arson conviction. Messer contends that the trial court erred when it ordered restitution in an amount that exceeds the statutory limit of the crime for which he was convicted and when it failed to consider his ability to pay before ordering it. He also contends that the restitution amount was not based on the victim's economic loss and his trial counsel was ineffective for failing to object to the trial court's award of restitution.

{¶2} We find that the trial court erred when it ordered restitution in an amount that exceeds the statutory limit for the crime he was convicted and sustain his first assignment of error. We find that the misdemeanor statute governing restitution does not require the trial court to consider a defendant's ability to pay prior to ordering restitution. Therefore, the trial court did not err when it did not consider Messer's ability to pay and we overrule his second assignment of error. Our rulings on Messer's first and second assignments of error render his third and fourth assignments of error moot. We affirm in part and reverse in part, the trial court's judgment and remand the matter for a resentencing hearing limited to determining the amount of restitution to be paid in an amount not to exceed $999.99.

## I. FACTS AND PROCEDURAL HISTORY

**{¶3}** In October 2020, an Allen County Grand Jury indicted Messer on one count of aggravated arson in violation of R.C. 2909.02(A)(2), a second-degree felony. (OR 3) Messer initially pleaded not guilty, but later entered a negotiated plea of guilty to the amended offense of arson in violation of R.C. 2909.03(A)(1), a first-degree misdemeanor. (OR 9, OR 216) The case proceeded to a sentencing hearing and the trial court sentenced Messer to a 180-day jail term with the term suspended pending successful completion of community control. (OR 238) The conditions of Messer's community control required that he pay restitution to the victim in the amount of $15,315.00. The trial court set the restitution amount after hearing testimony from the victim about the value of the items lost in the fire and testimony from the fire chief about the extensive fire, smoke, and water damage caused by the fire. (OR 238, Tr. 36-47, 69-70, 78-80) Messer appealed.

## II. ASSIGNMENTS OF ERROR

**{¶4}** Messer assigns four errors for review:

> I. Because the trial court ordered an amount of restitution that was beyond the maximum amount of $999.99 of "the value of the property or the amount of the physical harm involved," on the charge of Arson, a first-degree misdemeanor, of which Appellant was convicted, the trial court's sentence of Appellant, with respect to its order of restitution, was contrary to law.

II. Because the trial court failed to consider Appellant's ability to pay before ordering restitution, as required by R.C. 2929.19(B)(5), the trial court's sentence of Appellant, with respect to its order of restitution, was contrary to law.

III. The trial court's sentence, with respect to its order requiring Appellant to pay J.C. $15,315.00 in restitution was contrary to law, as the restitution amount was not based on J.C.'s economic loss, as required under R.C. 2929.18(A)(1).

IV. The failure of Appellant's trial counsel to object, at the restitution/sentencing hearing, to the trial court's award of restitution constituted ineffective assistance of counsel, in violation of Appellant's right to counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

## III. LEGAL ANALYSIS

### A. The Restitution Amount Was Contrary to Law

{¶5} In his first assignment of error, Messer contends that he pleaded guilty to arson as a first-degree misdemeanor under R.C. 2909.03(A)(1), (D)(2)(a), which means that the value of the property or the amount of the physical harm involved was less than $1,000. Therefore, he argues, the maximum restitution amount the trial court could have ordered was $999.99. He argues that the trial court abused its discretion when it ordered restitution of $15,315.00, a sum contrary to law. Messer cites our previous decisions in support of his argument, *Rohrbaugh, infra*, and *Brown, infra*. In both cases we held that a restitution order is limited to the offense

for which a defendant is convicted. Thus, since he was convicted of a first-degree misdemeanor arson, his restitution is limited to $999.99.

**{¶6}** The state agrees that a straightforward application of our prior precedent would mean that the trial court erred in awarding restitution in an amount more than $999.99. However, the state argues that Marsy's Law, a victim's rights amendment to the Ohio Constitution effective February 5, 2018, and its effect on restitution was not addressed by the court. The relevant provision of Marsy's Law gives a victim of a crime the right "to full and timely restitution from the person who committed the criminal offense or delinquent act against the victim." Article I, Section 10a(A)(7), Ohio Constitution. The state asks us to consider the impact of Marsy's Law on our previous precedent, which limited restitution by the offense.

**{¶7}** We review a trial court's sentence on a misdemeanor violation under an abuse of discretion standard. *See* R.C. 2929.22(A) (giving the trial court discretion when imposing misdemeanor sentences); *State v. Nolan* 3d Dist. Marion No. 9-15-48, 2016-Ohio-2985, ¶ 12; *State v. Rohrbaugh*, 191 Ohio App.3d 117, 2010-Ohio-6375, 944 N.E.2d 1230, ¶ 14 ("An appellate court reviews a trial court's decision to impose restitution under an abuse-of-discretion standard."). An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Nolan* at ¶ 12. A trial court abuses its discretion when it awards restitution in an amount contrary to law. *Rohrbaugh* at ¶ 20-21.

**{¶8}** In *Rohrbaugh, supra,* the defendant entered into a plea agreement and

pleaded guilty to an amended count of receiving stolen property in violation of R.C. 2913.51(A), a fifth-degree felony which defines the value of the property stolen as $500 or more and less than $5,000. Even though Rohrbaugh had already returned the value of the stolen property to the victim, the trial court imposed a restitution order that required Rohrbaugh to pay restitution for damages related to a breaking and entering offense, an offense to which he did not plead guilty and was not convicted. We found that "restitution must be limited to the offenses for which a defendant is charged and convicted." *Id*. at ¶ 17. We held that the trial court's restitution order went "beyond the amount of stolen property for which Rohrbaugh was indicted and convicted of receiving. Because the presumption of innocence is a basic premise of our criminal justice sentence, the punishment imposed must be confined to only those offenses of which the accused is convicted." *Id.* at ¶ 20. We vacated the trial court's restitution order.

{¶9} In *State v. Brown*, 3d Dist. Paulding No. 11-22-05, 2022-Ohio-4689, Brown pleaded guilty to an amended fifth-degree felony theft offense, which is defined as theft of property of $1,000 or more but less than $7,500. The trial court ordered Brown to pay $11,896.08 in restitution, an amount that went beyond the maximum amount of $7,499.99 for the theft offenses to which she pled. Guided by our precedent in *Rohrbaugh,* we held that the restitution amount was contrary to law because "the amount of restitution generally must be limited to the offenses for which a defendant is indicted and convicted." *Brown* at ¶ 9. We reversed the trial

court's restitution order and remanded it for a resentencing hearing to allow the trial court to determine and award restitution in accordance with our decision. *Brown* at ¶ 22.

{¶10} Likewise here, Messer pleaded guilty to a first-degree misdemeanor arson offense, which defines the property value or physical harm as less than $1,000. The trial court's restitution order of $15,315.00 exceeded the maximum amount of $999.99 for the offense on which he was convicted. In accordance with *Brown* and *Rohrbaugh,* we find that the restitution order was contrary to law and the trial court abused its discretion in imposing it.

{¶11} Nothing in Marsy's Law changes our analysis. Marsy's Law gives the victim the right "to full and timely restitution from the person who committed *the criminal offense* or delinquent act against the victim." (Emphasis added.) Article I, Section 10a(A)(7), Ohio Constitution. The criminal offense committed against the victim here was a first-degree misdemeanor arson offense. Thus, the victim is entitled to full and timely restitution for economic loss of any amount equal to or less than $999.99. "Nothing in Marsy's Law explicitly or implicitly changes what losses qualify for restitution in Ohio. Consequently, 'restitution' continues to mean compensation for economic losses or economic detriment suffered by the victim '*as a direct and proximate result of the commission of the offense*,' * * *." (Emphasis added.) *State v. Yerkey*, 171 Ohio St.3d 367, 2022-Ohio-4298, 218 N.E.3d 749, ¶ 15. "No one on this court thinks that victims should not be made whole. But to what

extent court-ordered restitution as part of a criminal case may be used to make a victim whole is a matter determined by statute and the Constitution, * * * ." *Id.* at ¶ 18.

{¶12} We sustain Messer's first assignment of error.

### B. The Defendant's Ability to Pay Restitution

{¶13} In his second assignment of error, Messer contends the trial court's restitution order was contrary to law because the trial court failed to consider his ability to pay before ordering restitution. Messer argues that R.C. 2929.19(B) requires the trial court to consider a defendant's ability to pay before ordering restitution.

{¶14} R.C. 2929.19(B) provides, "Before imposing a financial sanction under section 2929.18 of the Revised Code or a fine under section 2929.32 of the Revised Code, the court *shall* consider the offender's present and future ability to pay the amount of the sanction or fine." (Emphasis added.) However, R.C. 2929.19(B) governs felony sentencing. Messer was convicted of a misdemeanor. Misdemeanor restitution is governed by R.C. 2929.28(B) and provides, "If the court determines a hearing [on restitution] is necessary, the court *may* hold a hearing to determine whether the offender is able to pay the financial sanction imposed pursuant to this section or court costs or is likely in the future to be able to pay the sanction or costs." Thus, it appears from the plain reading of the statute, if a trial court decides a hearing on restitution is necessary, it may decide to consider the

defendant's ability to pay at the hearing, or it may not.

**{¶15}** The Twelfth and Sixth Districts read R.C. 2929.28(B) as requiring that "there must at minimum, 'be some evidence in the record that the court considered the defendant's present and future ability to pay the sanction imposed,'" *State v. Kinsworthy*, 12th Dist. Warren No. CA2013-06-060, 2014-Ohio-2238, ¶ 34, quoting *State v. Rohda*, 6th Dist. Fulton No. F-06-007, 2006-Ohio-6291, ¶ 15 However, both of these cases were decided prior to the February 5, 2018 effective date of Marsy's Law and did not include a statutory analysis of R.C. 2929.28(B). Moreover, the line of cases *Kinsworthy* and *Rohda* cited in support involved felony sentences. *See State v. Fisher*, 12th Dist. Butler No. CA98-09-190, 2002-Ohio-2069 (discussing the felony sentencing of voluntary manslaughter and felonious assault); *State v. Scott,* 6th Dist. Lucas No. L-01-1337, 2003-Ohio-1868 (discussing the felony sentencing of attempted murder, felonious assault, and aggravated robbery).

**{¶16}** The First District has acknowledged the "shall" and "may" distinction between the felony and misdemeanor statutes and considered the interpretations of the Twelfth and Sixth Districts but has not resolved the question of whether R.C. 2929.28(B) requires the trial court to consider the defendant's ability to pay because in each instance the trial court had considered it. *State v. Craig*, 1st Dist. Hamilton No. C-230112, ___Ohio App.3d ___, 2023-Ohio-3777, ___N.E.3d ___, ¶ 22-24 (We "need not determine in this case whether R.C. 2929.28(B) obligated the trial court to consider Craig's ability to pay because the record clearly demonstrates that

the trial court did, in fact, consider it."); *State v. Daniels,* 2015-Ohio-5348, 45 N.E.3d 266, ¶ 40 (1st Dist.) ("We do not need to determine whether R.C. 2929.28(B) required the trial court to consider Daniels's present or future ability to pay, because the record in this case demonstrates that the trial court in fact did consider Daniels's ability to pay.").

{¶17} The question of whether R.C. 2929.28(B) requires the trial court to consider a defendant's ability to pay when ordering restitution for misdemeanor offenses appears to be one of first impression in our district. Here the record shows that the trial court did not consider the ability of either Messer or his codefendant (who was sentenced with him) to pay when ordering restitution. In fact, it appears the court affirmatively decided not to consider his and his codefendant's ability to pay. Both Messer's attorney and his codefendant's attorney raised the defendants' indigent status and their inability to pay in response to the trial court's restitution order. (OR 238, Tr. 81-82) The trial court responded to the codefendant's attorney, "I'm not aware of case law that allows me to set aside restitution" and responded to Messer's attorney, "Again, same type of thing because it's a restitution order, I'm ordering what it is." (OR 238, Tr. 81-82)

**{¶18}** We read the plain language of R.C. 2929.28(B) and the use of the word "may" to give the trial court discretion to consider the defendant's ability to pay when ordering misdemeanor restitution. This is particularly so when comparing it to the Ohio General Assembly's choice to use "shall" in the felony restitution provision of R.C. 2929.19(B)(5). "[T]he cardinal rule of statutory construction requires that words and phrases in Ohio statutes be given their plain, ordinary meaning and be construed 'according to the rules of grammar and common usage.' R.C. 1.42." *State v. Lewis*, 131 Ohio App.3d 229, 236–37, 722 N.E.2d 147, 153 (3d Dist.1999). "The statutory use of the word 'may' is generally construed to make the provision in which it is contained optional, permissive, or discretionary at least where there is nothing in the language or in the sense or policy of the provision to require an unusual interpretation." *Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.2d 102, 107, 271 N.E.2d 834, 837 (1971).

**{¶19}** This is particularly true here where a contrary interpretation – one that requires the trial court to consider the defendant's ability to pay – could cause R.C. 2929.28(B) to run afoul with the constitutional provisions of Marsy's Law. "[W]here there is more than one possible interpretation of a statute, a court will construe the statute so as to save it from constitutional infirmities." *Lewis,* 131 Ohio App.3d at 235. At least two other appellate districts have found that a trial court's reduction in a *felony* restitution order based on consideration of defendant's ability to pay violates Marsy's Law. *See State v. Oliver,* 2021-Ohio-2543, 176 N.E.3d

-11-

1054, ¶ 70-71 (12th Dist.) ("to the extent R.C. 2929.19(B)(5) allows the trial court to reduce a victim's restitution amount, or otherwise alter the offender's responsibility to provide full and timely restitution to the victim, we find the statute irreconcilably conflicts with the constitutional provision" of Marsy's Law); *State v. Thorp*, 8th Dist. Cuyahoga No. 112263, 2023-Ohio-3629, ¶ 24-25 ("The provisions of Marsy's Law supersede the defendant's rights under R.C. 2929.19(B)(5)").

**{¶20}** Because we find that R.C. 2929.28(B) does not require the trial court to consider a defendant's ability to pay when ordering misdemeanor restitution, we find that the trial court's failure to consider it here was not contrary to law or an abuse of discretion. We overrule Messer's second assignment of error.

### C. Remaining Assignments of Error are Moot

**{¶21}** For his third and fourth assignments of error, Messer argues that the restitution order was not based on the victim's economic loss and his trial counsel rendered ineffective assistance by failing to object to the restitution award at the sentencing hearing. Our rulings on Messer's first and second assignments of error render these arguments and assignments of error moot.

### IV. CONCLUSION

**{¶22}** We sustain Messer's first assignment of error and overrule his second assignment of error. We find his third and fourth assignments of error are moot. The trial court's judgment is affirmed in part and reversed in part, and this matter is remanded to the trial court for resentencing to allow it to determine and award

Case No. 1-23-25

restitution to be paid in an amount not to exceed $999.99.

*Judgment Affirmed in*
*Part, Reversed in Part and*
*Cause Remanded.*

**MILLER, P.J. and ZIMMERMAN, J., concur.**

**\*\* Judge Michael D. Hess of the Fourth District Court of Appeals, sitting by Assignment of the Chief Justice of the Supreme Court of Ohio.**