[Cite as *In re R.P.*, 2025-Ohio-4997.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

IN RE:

    R.P.,

ADJUDICATED DELINQUENT
CHILD.

CASE NO. 1-25-05

OPINION AND
JUDGMENT ENTRY

**Appeal from Allen County Common Pleas Court**
**Juvenile Division**
**Trial Court No. 2024 JG 39396**

**Judgment Affirmed**

**Date of Decision: November 3, 2025**

**APPEARANCES:**

    *Melody Goodin* **for Appellant**

    *John R. Willamowski, Jr.* **for Appellee**

**MILLER, J.**

{¶1} In this appeal from the Allen County Court of Common Pleas, Juvenile Division, Appellant, R.P., raises a single assignment of error for our review: "The trial court abused its discretion in ordering that Appellant R.P. pay $3,200.00 in restitution for the benefit of the victim, as that amount was not properly established as the economic loss suffered by the victim as a direct and proximate result of R.P.'s delinquent act."

{¶2} On July 30, 2024, a complaint was filed in which R.P. was alleged to be a delinquent child based on an offense that, if committed by an adult, would constitute one count of receiving stolen property in violation of R.C. 2913.51(A), a felony of the fourth degree. The alleged stolen property was a golf cart. R.P. subsequently entered a plea of admission to an amended, reduced charge for the same offense. In reciting the statement of facts as part of the change of plea, the prosecutor explained the golf cart was stolen on July 25, 2024, identified where the golf cart was recovered, and noted the golf cart was being operated with a screwdriver in the ignition at the time it was recovered. Notably, there was no indication that anyone other than R.P. was present with the golf cart when it was located.

{¶3} A restitution hearing took place on February 12, 2025. The victim testified she purchased the golf cart in June 2024 for $3,200. At the time it was

stolen, the golf cart was being kept in an elderly family friend's shed. The victim testified the golf cart was stolen some time overnight on July 24. It was discovered missing the next day, and she and her husband began searching for it. The victim went to an industrial park, where she found its roof. The roof was collapsed and torn apart. She also saw spots on a nearby tree where the tree had been struck, presumably by the golf cart.

{¶4} The victim then followed a path around a park when she received a phone call informing her that the golf cart had been spotted. She responded, "Well, we're right here, we'll go look." When she arrived at the nearby location where the golf cart had been spotted, she saw R.P. taking his bike off the golf cart. The victim told R.P., "That's my golf cart," and R.P. jumped on his bike and fled. The victim admitted she had not seen anyone driving the golf cart and that the roof was found in a different location from where R.P. was found with the golf cart. However, the victim indicated the golf cart was found nearby and there were tracks leading from where the roof was located to the golf cart. Finally, the victim testified she received a repair estimate for $5,277.81.

{¶5} In its order, the trial court explained it had considered all of the testimony and exhibits admitted into evidence from both the State and the Child, as well as the purposes of restitution and the applicable statutes, R.C. 2152.20 and R.C. 2152.203. It found the State had met its burden, by a preponderance of the evidence,

and presented sufficient evidence for the Court to ascertain the amount of restitution, $3,200.00.

{¶6} R.P. argues the juvenile court abused its discretion by ordering $3,200 in restitution because the State did not sufficiently establish that amount as the economic loss suffered by the victim as a direct and proximate result of R.P.'s delinquent act.[1] We disagree.

{¶7} R.P. concedes we review this issue for an abuse of discretion. *See also In re J.G.*, 2021-Ohio-1624, ¶ 45 (3d Dist.) (courts generally review an order of restitution for an abuse of discretion). A court abuses its discretion when its conduct is unreasonable, arbitrary, or unconscionable. *State v. Hill*, 2022-Ohio-4544, ¶ 9.

{¶8} R.C. 2152.20(A)(3) authorizes a juvenile court to impose restitution in juvenile delinquency adjudications. The statute provides that "[t]he amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the delinquent act or juvenile traffic offense." R.C. 2152.20(A)(3). "Economic loss includes, but is not limited to, . . . [f]ull or partial payment for the value of stolen or damaged property," and "[t]he value of stolen or damaged property shall be the replacement cost of the property or the actual cost of repairing the property when repair is possible." R.C. 2152.203(B)(1). "The court shall determine the amount of full restitution by a

---

[1] R.P. does not contest $3,200 was the amount of economic loss other than arguing the amount should be $0 because the State failed to adequately establish R.P.'s offense caused *any* amount of economic loss. In other words, R.P. makes an all-or-nothing argument concerning the amount of restitution.

preponderance of the evidence." R.C. 2152.20(A)(3). "'A preponderance of the evidence is defined as that measure of proof that convinces the judge or jury that the existence of the fact sought to be proved is more likely than its nonexistence.'" *State v. Lang*, 2024-Ohio-3157, ¶ 22 (3d Dist.), quoting *State ex rel. Doner v. Zody*, 2011-Ohio-6117, ¶ 54.

{¶9} We recognize that the amount of restitution is limited to the economic loss suffered by the victim as a direct and proximate result *of the particular delinquent act*. *See* R.C. 2152.20(A)(3); *State v. Yerkey*, 2022-Ohio-4298, ¶ 13; *State v. Rohrbaugh*, 2010-Ohio-6375, ¶ 17-20 (3d Dist.) (vacating restitution order for damages resulting from a breaking-and-entering offense where defendant only pleaded guilty to receiving stolen property, not breaking and entering). However, significantly, the offense of receiving stolen property is not limited to the simple act of receiving stolen property; it includes retaining stolen property too. The statute provides, "No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." R.C. 2913.51(A); *see also State v. Braden*, 2019-Ohio-4204, ¶ 25 (defining "retain" as including to hold or continue to hold in possession or use).

{¶10} The evidence presented, including the victim's testimony, allowed the trial court to properly find, by a preponderance of evidence, $3,200 in restitution for damage sustained to the golf cart while R.P. retained it. We also note there was no

indication, let alone evidence, that any damage to the golf cart occurred during the commission of the theft offense. *Compare Rohrbaugh* at ¶ 19; *State v. Barnes*, 2002 WL 376886, *2-3 (3d Dist. Mar. 8, 2002) (trial court erred in ordering restitution for damage to a racetrack from which a vehicle had been stolen because that damage "was committed during the theft" but defendant was only convicted of receiving stolen property, not the theft that caused the damage to the racetrack—including broken gates where the vehicle had been stored). Accordingly, the trial court did not abuse its discretion in deciding that the State proved, by a preponderance of the evidence, that the victim suffered $3,200 in economic loss as a direct and proximate result of R.P.'s receipt or retention of the stolen golf cart. R.C. 2152.20. There was ample circumstantial evidence supporting this finding.

{¶11} For the foregoing reasons, Appellant's assignment of error is overruled. Having found no error prejudicial to the appellant in the particulars assigned and argued, we affirm the judgment of the Juvenile Division of the Allen County Court of Common Pleas.

*Judgment Affirmed*

**WALDICK, P.J. and ZIMMERMAN, J., concur.**

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.


_____
Mark C. Miller, Judge


_____
Juergen A. Waldick, Judge


_____
William R. Zimmerman, Judge


DATED:
/jlm